# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-70030

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2015

Lyle W. Cayce
Clerk

DUANE EDWARD BUCK,

> Petitioner–Appellant,

versus

WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division,

> Respondent–Appellee.

Appeals from the United States District Court
for the Southern District of Texas

ON PETITION FOR REHEARING EN BANC
(Opinion August 20, 2015, 2015 U.S. App. LEXIS 14755)

Before SMITH, OWEN, and HAYNES, Circuit Judges.
PER CURIAM:

Treating the petition for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is DENIED. The court having been polled at the request of one of its members, and a majority of the judges who

are in regular active service and not disqualified not having voted in favor (FED. R. APP. P. 35 and 5TH CIR. R. 35), the petition for rehearing en banc is DENIED.

In the en banc poll, 2 judges voted in favor of rehearing (Judges Dennis and Graves), and 13 judges voted against rehearing (Chief Judge Stewart and Judges Jolly, Davis, Jones, Smith, Clement, Prado, Owen, Elrod, Southwick, Haynes, Higginson, and Costa).

ENTERED FOR THE COURT:


    /s/   Jerry E. Smith
JERRY E. SMITH
United States Circuit Judge


\* \* \* \* \* \* \*

JAMES L. DENNIS, Circuit Judge, with whom GRAVES, Circuit Judge, joins, dissenting:

In *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003), the Supreme Court held that the threshold inquiry required by 28 U.S.C. § 2253(c):

> does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it. When a court of appeals sidesteps this process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction.

In my view, the panel in this case, perhaps unintentionally, followed that prohibited side-stepping process by justifying its denial of a COA based on its

2

adjudication of the actual merits.    This is not the first time that a panel of this court has flouted *Miller-El*'s clear command when denying a COA:    our court's "troubling" habit of evaluating the merits of petitioners' claims has been noted by three Supreme Court justices.    *See Jordan v. Fisher*, 135 S. Ct. 2647, 2652 n.2 (2015) (Sotomayor, J., joined by Ginsburg and Kagan, JJ., dissenting from denial of certiorari).    Because I believe that Buck has made the requisite threshold showing of entitlement to relief, I respectfully dissent from the refusal to rehear his case en banc.

Duane Buck, a capital prisoner, seeks to raise ineffective assistance of counsel in federal habeas corpus proceedings.    His habeas petition was denied by the district court as procedurally barred.    Buck has now applied to this court for a COA to challenge the district court's denial of his second motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure, in which he alleged that extraordinary circumstances warrant reopening the proceedings.    Under *Slack v. McDaniel*, 429 U.S. 473, 484 (2000), a COA should issue in Buck's case if he shows (1) that jurists of reason would find debatable "whether the petition states a valid claim of the denial of a constitutional right" and (2) that those jurists "would find it debatable whether the district court was correct in its procedural ruling."    Yet the panel denied Buck's application on the grounds that "he has not shown extraordinary circumstances that would permit relief under Federal Rule of Civil Procedure 60(b)(6)."    *Buck v. Stephens*, Slip Op. at 1 (Aug. 20, 2015).    By ruling on the merits, the panel contravened the Supreme Court's clear commands and improperly denied Buck his right to appeal.

In *Miller-El*, the Supreme Court reiterated that, when evaluating a COA application, "the court of appeals should limit its examination to a threshold inquiry into the underlying merit of his claims."    537 U.S. at 326.    A

petitioner is not required to demonstrate that he is entitled to relief; in fact, "[i]t is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief." *Id*. at 337. Rather, a petitioner satisfies the *Slack* standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id*. at 327 (emphasis added). Furthermore, under this court's established precedent, "any doubt as to whether a COA should issue in a death-penalty case must be resolved in favor of the petitioner." *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005) (citing *Medellin v. Dretke*, 371 F.3d 270, 275 (5th Cir. 2004) (per curiam); *Newton v. Dretke*, 371 F.3d 250, 254 (5th Cir. 2004)).

In his application, Buck presented eleven factors that, when considered together, he believes demonstrate that his case involved extraordinary circumstances. Rather than consider whether reasonable jurists could disagree with the district court and conclude that Buck's allegations "set up an extraordinary situation," *Ackermann v. United States*, 340 U.S. 193, 199, (1950), the panel went through the factors one by one and determined that each was "not extraordinary." *Buck*, Slip Op. at 9-10. At the end of this flawed analysis of the merits of Buck's claims, the panel conclusorily declared: "Jurists of reason would not debate that Buck has failed to show extraordinary circumstances justifying relief." *Id*. at 10. This analysis would not be sufficient even if the court were properly considering the merits of Buck's claims: like the "dismissive and strained interpretation" of a petitioner's evidence that was rejected by the Supreme Court first in *Miller-El*, 537 U.S. at 344, and then again in *Miller-El v. Dretke*, 545 U.S. 231, 265 (2005), the panel "dismisses, miscasts, and minimizes [Buck's] evidence, diluting its full weight

by disaggregating it and focusing the inquiry on determining whether each isolated piece of evidence, taken alone,"[1] proves extraordinary circumstances. This mischaracterization is still more deficient at this stage in the proceedings, where it is employed to aid the panel in "deciding [Buck's] appeal without jurisdiction." *Miller-El*, 537 U.S. at 326-27.

"[P]roving his claim was not [Buck's] burden." *Jordan*, 135 S. Ct. at 2652. A proper, threshold inquiry into Buck's claim would have revealed that reasonable jurists could disagree with the district court's conclusions. Buck asserts that he faces execution based on a capital sentencing proceeding whose reliability was fundamentally compromised by the race-based testimony of Dr. Walter Quijano. He asserts that the State of Texas identified his case as one of six that was "similar" to that of Victor Hugo Saldaño, in which the State admitted that Dr. Quijano's testimony and the resulting "infusion of race as a factor for the jury to weigh in making its determination violated [Mr. Saldaño's] constitutional right to be sentenced without regard to the color of his skin." State's Resp. to Pet. for Cert, at 8, *Saldano v. Texas*, U.S. Supreme Court, No. 99-8119. He asserts that his is the only death sentence identified by the State that has not been overturned because his is the only case in which Dr. Quijano's participation in the trial was the result of the deficient performance of his own defense attorney. He asserts that the procedural default that barred his present claim should have been waived by the State pursuant to representations made by the Texas Attorney General. He asserts that, following the Supreme Court's decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the same procedural default would not bar his claim if it were brought in federal court for the first

---

[1] Brief of the NAACP LDF, et al., as *Amici Curiae* at 3, *Miller-El v. Dretke*, 545 U.S. 231 (No. 03-9659) 2004 WL 1942171, at *3.

time today. And he asserts that three judges on the Texas Court of Criminal Appeals dissented from the dismissal of his state habeas petition as procedurally barred, concluding that "[t]he record in this case reveals a chronicle of inadequate representation at every stage of the proceedings, the integrity of which is further called into question by the admission of racist and inflammatory testimony from an expert witness at the punishment phase" and that the procedural barrier should therefore be abrogated. *Ex parte Buck*, 418 S.W.3d 98 (Tex. Crim. App. 2013) (Alcala, J., dissenting), *cert. denied sub nom. Buck v. Texas*, 134 S. Ct. 2663 (2014). While each of these factors might, on its own, be insufficient to warrant relief, together they describe a situation that is at least debatably "extraordinary."

That the issue is at least debatable is further illustrated by Justice Sotomayor's dissent from the denial of certiorari in *Buck v. Thaler*, 452 F. App'x 423 (5th Cir. 2011), a previous iteration of this case. Justice Sotomayor—joined by Justice Kagan—concluded that, "[e]specially in light of the capital nature of this case and the express recognition by a Texas attorney general that the relevant testimony was inappropriately race-charged, Buck has presented issues that 'deserve encouragement to proceed further'" and a COA should therefore have been granted. *Buck v. Thaler*, 132 S. Ct. 32, 38 (2011) (quoting *Miller-El*, 537 U.S. at 327).

"Any doubt regarding whether to grant a COA is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination." *Newton*, 371 F.3d at 254 (5th Cir. 2004). In a case involving the severest of penalties, the panel's summary conclusion that "[j]urists of reason would not debate that Buck has failed to show extraordinary circumstances justifying relief" was both inappropriate and incorrect.

I respectfully dissent.